```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                      17 CR 463 (LAK)

DENVER McFADDEN,

            Defendant.

------------------------------x
                                        New York, N.Y.
                                        September 13, 2017
                                        2:45 p.m.


Before:

                HON. LEWIS A. KAPLAN,

                                 District Judge


                     APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
MOLLY BRACEWELL
SHEB SWETT
     Assistant United States Attorney

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  SARAH BAUMBARGEL
```

1           (Case called)
2           THE DEPUTY CLERK:  Government, are you ready?
3           MS. BRACEWELL:  Yes, your Honor.
4           THE COURT:  And you are?
5           MS. BRACEWELL:  Molly Bracewell joined by Sheb Swett
6    for the government.
7           THE DEPUTY CLERK:  Defendant, are you ready?
8           MS. BAUMBARGEL:  Yes.  Good afternoon.  Sarah
9    Baumbargel of the Federal Defenders on behalf of Mr. McFadden.
10          THE COURT:  Good afternoon.
11          THE DEPUTY CLERK:  Ms. Baumbargel, have you received a
12   copy of the indictment?
13          MS. BAUMBARGEL:  Yes.
14          THE DEPUTY CLERK:  Have you reviewed it with your
15   client?
16          MS. BAUMBARGEL:  Yes.
17          THE DEPUTY CLERK:  Does he waive the public reading?
18          MS. BAUMBARGEL:  Yes.
19          THE DEPUTY CLERK:  And how does he plead?
20          MS. BAUMBARGEL:  Not guilty.
21          THE COURT:  So, Ms. Bracewell, what have we here?
22          MS. BRACEWELL:  We have a two-count indictment against
23   this defendant from July 20, 2017.  We've just given over some
24   discovery to defense counsel, and we have more documents that
25   we are receiving from the state.

1            The state had previously executed search warrants.  So
2   we're in the process of getting the underlying affidavits and
3   will be producing them after we receive them and review them.
4   We also --
5            THE COURT:  What does the discovery consist of?
6            MS. BRACEWELL:  The discovery consists of the results
7   of a search warrant on an email, iPad, laptop.  In addition,
8   there was a search warrant against the iPhone, but as yet we
9   have not been able to access its contents.  So they are not
10  part of discovery at this point.
11           THE COURT:  What are the prospects for accessing it?
12           MS. BRACEWELL:  I'm not sure at this point if it's
13  encrypted or what kind of measures will be taken.
14           THE COURT:  So you haven't had accessed it, but have
15  you determined that it's unlikely that you can?  Or you just
16  don't know where you stand yet?
17           MS. BRACEWELL:  If you'll give me one second.
18           (Pause)
19           MS. BRACEWELL:  I think it's unlikely at this point
20  that we will be able to access it.  In addition, I think we
21  have sufficient discovery based on what we have recovered from
22  the email, iPad, and laptop to proceed.
23           We have discussed with defense counsel just briefly
24  that some of the parts of discovery include victim information
25  and images of child pornography.  So they will be made

1  available at the FBI's headquarters.
2          THE COURT:  So they're going to have to go to
3  Washington to look at it?
4          MS. BRACEWELL:  The FBI offices here in Manhattan,
5  luckily.
6          So we are trying to determine whether any can be
7  produced with redactions or with images stricken, but we'll
8  remain in contact with defense counsel.
9          THE COURT:  So when can you finish discovery?
10          MS. BRACEWELL:  Two weeks I think we anticipate.
11          THE COURT:  Discovery is to be concluded by
12  September 27.  If the case goes to trial, how long a trial are
13  we looking at?
14          (Pause)
15          MS. BRACEWELL:  One week, two weeks at the maximum.
16          THE COURT:  Ms. Baumbargel, what do I need to know
17  from the defense?
18          MS. BAUMBARGEL:  Your Honor, I would just add that I
19  think there may be some more outstanding pieces of discovery,
20  and I suspect we won't actually get them within two weeks.
21          I'll send a discovery letter to the government, but I
22  just want to flag this was originally a state arrest.  I
23  believe there are post-arrest statements.  I believe there was
24  a search of a hotel room in addition to the other searches
25  noted.  I don't know if there were warrants for all of these,

1  but there may have been.

2      I also understand that there may be medical records
3  and related DNA tests.  The government alleges that there was
4  an individual who was a victim in one of the counts, and in the
5  state I believe they took a DNA sample from Mr. McFadden and
6  said they had records that they were testing it against.

7      So we'll request all these things from the government,
8  but we suspect that discovery may take a little longer than two
9  weeks.  I think there may be pretrial motions as well, just
10 based on what I know so far about the nature of the discovery.

11     THE COURT:  Give me a preview.

12     MS. BAUMBARGEL:  Your Honor, I understand from his
13 state attorney that she thinks some of the searches may have
14 been illegal.  I don't have more information about that now.
15 So it may be related to either the search of the hotel room or
16 some sort of search of one of the electronic devices.  As I
17 said, I don't know if there are warrants.  So there may not be
18 an issue there.

19     THE COURT:  What's the status in the state court?

20     MS. BAUMBARGEL:  Your Honor, he's had a few
21 appearances.  He's next scheduled to appear there tomorrow.
22 They have made limited discovery productions.  There was some
23 suggestion that that case may be dismissed because he was being
24 indicted here.

25     My understanding of the most recent from his state

1  defense attorney is that they are considering them separate
2  offenses and are not dismissing.  I think that she may make a
3  motion to dismiss based on New York law.  Right now that case
4  is open.
5             THE COURT:  Can the government enlighten me any
6  further on that?  The state case.
7             MS. BRACEWELL:  Unfortunately, no, your Honor.
8             THE COURT:  Are you in touch with the state
9  prosecutors?
10            MS. BRACEWELL:  We have been, but I don't have more of
11 an update.  We can send a letter in with more information.
12            THE COURT:  I think that would be helpful.
13            My trial calendar, at least at the moment, is jammed
14 for many months.  I have a case scheduled for February 26 that
15 might plead, and I can put you as backup to that.
16            How does that work?
17            MS. BRACEWELL:  That works for the government,
18 your Honor.
19            MS. BAUMBARGEL:  That's fine for the defendant as
20 well.
21            THE COURT:  I'll set trial for February 26 with the
22 understanding that it's a backup.
23            Any time gone on the speedy trial clock?
24            MS. BRACEWELL:  We excluded time until today, and I
25 would move to exclude time at this point so the defendant has

```
 1   the opportunity to --
 2             THE COURT:  Has any time run yet?
 3             MS. BRACEWELL:  Give me one moment.
 4             (Pause)
 5             MS. BRACEWELL:  We believe that the clock ran from
 6   July 20 to August 1.  If that's incorrect, we'll submit a
 7   letter correcting it.
 8             THE COURT:  And you move to exclude time until -- I
 9   haven't set a motion schedule yet.  So let's deal with that.
10             How about motions by November 10.  Is that okay?
11             MS. BAUMBARGEL:  Yes.
12             THE COURT:  Government response November 27.  Okay?
13             MS. BRACEWELL:  That's fine, your Honor.
14             THE COURT:  Reply papers December 4.  Argument or
15   conference --
16             MS. BAUMBARGEL:  Your Honor, as of right now, I'm
17   scheduled to have a trial that week.  So it might make sense to
18   do it the following week, if that's available.
19             THE COURT:  Let's do it at the beginning of the week
20   of the 18th.  December 18 at 2:30?
21             MS. BAUMBARGEL:  That's fine.
22             THE COURT:  Is there any objection to my excluding
23   time through December 18?
24             MS. BRACEWELL:  No.
25             THE COURT:  Time is excluded through December 18.  I
```

                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

1  find that the interests of justice served thereby, including
2  the defendant's interest in getting complete discovery;
3  evaluating the discovery; and making any necessary motions; and
4  no doubt, exploring the possibility of a negotiated resolution;
5  as well as seeing the development in the state case, outweigh
6  the interests of the public and of the defendant in a speedy
7  trial.
8          Is there anything else we can accomplish usefully
9  today?
10         MS. BRACEWELL:  No, your Honor.
11         THE COURT:  Ms. Bracewell, it would be a favor to the
12 Court, since I haven't seen you before and I'm starting to see
13 a fair number of assistants, if you would put the word around
14 to your colleagues that I ask at every initial conference how
15 many days are gone on the speedy trial clock.  And for the
16 first time in years, nobody in the last ten days has known the
17 answer.  So perhaps we can just remind everybody.
18         MS. BRACEWELL:  Yes, your Honor.  Will do.
19         THE COURT:  Thank you.
20         (Adjourned)