I2MTMCFP

```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                          17 CR 463 (LAK)

5   DENVER McFADDEN,

6              Defendant.

7   ------------------------------x

8                                          New York, N.Y.
                                           February 22, 2018
9                                          10:35 a.m.

10
    Before:
11
                       HON. JAMES L. COTT,
12
                                           Magistrate Judge
13

14                         APPEARANCES

15  GEOFFREY S. BERMAN
         Interim United States Attorney for the
16       Southern District of New York
    TARA LA MORTE
17       Assistant United States Attorney

18  FEDERAL DEFENDERS OF NEW YORK
         Attorneys for Defendant
19  BY:  SARAH BAUMGARTEL

20

21

22

23

24

25
```

I2MTMCFP

1          (In open court, case called)

2          MS. LA MORTE:  Good morning, your Honor, Tara La Morte

3     for the government.

4          THE COURT:  Good morning, Ms. La Morte.

5          MS. BAUMGARTEL:  Good morning, Sarah Baumgartel,

6     Federal Defenders, on behalf of Mr. McFadden.

7          THE COURT:  Good morning, Ms. Baumgartel.  Good

8     morning, Mr. McFadden.

9          THE DEFENDANT:  Good morning.

10         THE COURT:  Please be seated.

11         Mr. McFadden, I have before me a form called a Consent

12    to Proceed before a United States Magistrate Judge on a Felony

13    Plea Allocution that you signed.  What the form says is that

14    knowing that you have the right to have your plea taken by a

15    United States district judge, you're agreeing to have your plea

16    taken here in magistrate's court by a United States magistrate

17    judge.  Is that correct?

18         THE DEFENDANT:  That's correct.

19         THE COURT:  And before you signed the form, did

20    Ms. Baumgartel explain this to you?

21         THE DEFENDANT:  Yes, she did.

22         THE COURT:  I will sign the consent form and we shall

23    proceed.

24         Now Mr. McFadden, the purpose of this proceeding today

25    is to make sure that you understand your rights, to decide

I2MTMCFP

1    whether you're pleading guilty of your own free will, and to

2    make sure you're pleading guilty because you are guilty and not

3    for some other reason.  Do you understand that?

4              THE DEFENDANT:  I understand that.

5              THE COURT:  If at any time you don't understand any of

6    the questions that I'm going to be asking you during this

7    proceeding today, or if you wish to consult with

8    Ms. Baumgartel, please let me know, because it is important

9    that you understand every question before you answer.  Okay?

10             THE DEFENDANT:  Yes, your Honor.

11             THE COURT:  Before I take your plea, as I said, I'm

12   going to be asking you a series of questions, and I therefore

13   need to place you under oath.  So would you please raise your

14   right hand.

15             (Defendant sworn)

16             THE COURT:  Do you understand, Mr. McFadden, that any

17   statements that you make here today under oath may be used

18   against you in a prosecution for perjury or for making false

19   statements if you do not tell the truth?

20             THE DEFENDANT:  I do, your Honor.

21             THE COURT:  All right.  I have in front of me a waiver

22   of indictment.  Did you sign this waiver of indictment?

23             THE DEFENDANT:  I did.

24             THE COURT:  Before you signed it, did you discuss it

25   with Ms. Baumgartel?

I2MTMCFP

1          THE DEFENDANT:  I did, your Honor.

2          THE COURT:  Do you understand what you are doing by

3   signing this waiver?

4          THE DEFENDANT:  Yes, I do, your Honor.

5          THE COURT:  Do you understand that you are under no

6   obligation to waive indictment?

7          THE DEFENDANT:  Yes, I understand, your Honor.

8          THE COURT:  Do you understand if you do not waive

9   indictment, if the government wants to prosecute you, they have

10  to present these charges to a grand jury which may or may not

11  indict you on these charges?

12         THE DEFENDANT:  Yes, I understand, your Honor.

13         THE COURT:  Do you realize that by signing this waiver

14  of indictment you have given up your right to have this case

15  presented to a grand jury?

16         THE DEFENDANT:  Yes, your Honor.

17         THE COURT:  Do you understand what a grand jury is?

18         THE DEFENDANT:  Yes, I do.

19         THE COURT:  Have you seen a copy of the superseding

20  information?

21         THE DEFENDANT:  Yes, I have it in front of me.

22         THE COURT:  And you have seen it?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you waive its public reading, meaning

25  that I won't need to read it to you here?

I2MTMCFP

1           THE DEFENDANT:  Oh, yes, I waive the public reading.

2           THE COURT:  How do you wish to plead to the

3 superseding information, guilty or not guilty?

4           THE DEFENDANT:  Guilty, your Honor.

5           THE COURT:  Could you tell the Court your full name.

6           THE DEFENDANT:  Denver McFadden.

7           THE COURT:  How old are you?

8           THE DEFENDANT:  I'm 68 years old.

9           THE COURT:  Are you a citizen of the United States?

10           THE DEFENDANT:  Yes, I am.

11           THE COURT:  Are you able to read and write English?

12           THE DEFENDANT:  I am.

13           THE COURT:  How far did you go to school?

14           THE DEFENDANT:  Post graduate.

15           THE COURT:  Are you now or have you recently been

16 under the care of a doctor or psychiatrist for any reason?

17           THE DEFENDANT:  Yes, I have been.

18           THE COURT:  What condition or conditions you have been

19 treated for?

20           THE DEFENDANT:  Major depression and anxiety

21 disorders.

22           THE COURT:  And have you recently been treated for any

23 addiction to narcotic drugs?

24           THE DEFENDANT:  Yes, your Honor.  I have had a

25 condition in my side with my back and my leg for years, and I

I2MTMCFP

1   have been treated with opiates.  And my doctor is making every

2   attempt to get me off of those, and I'm down to very little at

3   this point.

4             THE COURT:  And you said you had also been treated for

5   mental illness, is that correct?

6             THE DEFENDANT:  That's correct.

7             THE COURT:  Are you on medication as we sit here

8   today?

9             THE DEFENDANT:  Yes, I am.

10            THE COURT:  Does the medication that you're under or

11   the conditions you're being treated for have any impact on your

12   ability to understand or make decisions or judgments?

13            THE DEFENDANT:  No, they do not.

14            THE COURT:  All right.  Are you under the influence of

15   a mind-altering drug or any alcohol drink as you sit here

16   today?

17            THE DEFENDANT:  Absolutely not, your Honor.

18            THE COURT:  Have you been able to understand

19   everything that I have said to you so far?

20            THE DEFENDANT:  I have, your Honor.

21            THE COURT:  Do you feel all right today?

22            THE DEFENDANT:  Yes.

23            THE COURT:  I assume there is no competence question

24   here, but I'm just exploring this as much as I think I need to.

25            Ms. Baumgartel, any concerns on your end?

I2MTMCFP

1          MS. BAUMGARTEL:  Your Honor, I have no doubt of

2    Mr. McFadden's competency.

3          THE COURT:  Ms. La Morte, does the government?

4          MS. LA MORTE:  No.

5          THE COURT:  Are there any additional questions that

6    either counsel wishes the Court to ask in regards to what I'll

7    call the competency line of questions?

8          MS. BAUMGARTEL:  No, your Honor.

9          MS. LA MORTE:  No, your Honor.  I would just note it

10   was very recently that Mr. McFadden was hospitalized in

11   connection with his mental illness.  I don't know if there are

12   additional probative questions that should be asked, but that

13   was within the last week or so he had expressed suicidal

14   ideation and was taken to the hospital.  So I just do want to

15   make sure that he confirms that he feels well enough today, in

16   light of that, to proceed.

17         THE COURT:  Mr. McFadden, you are here today because

18   you want to enter a plea to the charges in the superseding

19   information?

20         THE DEFENDANT:  I do.  And I was hospitalized for one

21   evening on the advice of my psychiatrist sending me there, but

22   I am not suicidal, I don't have suicidal ideations, and I am

23   very capable of making decisions.

24         THE COURT:  All right.  Anything further?

25         MS. LA MORTE:  Nothing further.  That's sufficient,

I2MTMCFP

1    your Honor.

2              THE COURT:  I am confident in the allocutions we have

3    had so far that Mr. McFadden is clear headed and competent to

4    proceed on the basis of all the answers he has given me to my

5    questions.

6              So Mr. McFadden, you said you have seen the

7    superseding information, is that correct?  Have you read it?

8              THE DEFENDANT:  I have read it, and I have seen it,

9    yes.

10             THE COURT:  And you understand what it says that you

11   did?

12             THE DEFENDANT:  Yes, I do.

13             THE COURT:  Have you had a chance to discuss the

14   charges in the superseding information and how you wish to

15   plead with Ms. Baumgartel?

16             THE DEFENDANT:  Yes, I have, numerous times.

17             THE COURT:  Are you satisfied with her representation

18   of you?

19             THE DEFENDANT:  I'm very satisfied with her

20   representation of me.

21             THE COURT:  Have you had a full opportunity to discuss

22   the case with her?

23             THE DEFENDANT:  Yes, I have.

24             THE COURT:  Has she told you the consequences of

25   pleading guilty?

I2MTMCFP

1          THE DEFENDANT:  She has very clearly.

2          THE COURT:  You're ready to enter a plea at this time?

3          THE DEFENDANT:  I am.

4          THE COURT:  Let me review with you both of the counts

5     in the superseding information and the penalties that are

6     associated with each of those counts.

7          Count One charges you with travel with intent to

8     engage in illicit sexual conduct in violation of federal law,

9     and carries a maximum term of imprisonment of 30 years, a

10    maximum term of supervised release of life, a mandatory minimum

11    term of supervised release of five years, a maximum fine of

12    $250,000, and a $100 mandatory special assessment.

13          Do you understand the charge in Count One and the

14    penalties that are associated with that charge?

15          THE DEFENDANT:  I do, your Honor.

16          THE COURT:  How do you wish to plead to Count One of

17    the superseding information, guilty or not guilty?

18          THE DEFENDANT:  Guilty, your Honor.

19          THE COURT:  Count Two charges with you with receipt of

20    child pornography in violation of federal law, and carries a

21    maximum term of imprisonment of 20 years, a mandatory minimum

22    term of imprisonment of five years, a maximum term of

23    supervised release of life, a mandatory minimum term of

24    supervised release of five years, a maximum fine of $250,000,

25    and a $100 mandatory special assessment.

I2MTMCFP

1          Do you understand the charge in Count Two and the

2     penalties that are associated with that charge?

3          THE DEFENDANT:  I do, your Honor.

4          THE COURT:  How do you wish to plead to Count Two of

5     the superseding information, guilty or not guilty?

6          THE DEFENDANT:  Guilty, your Honor.

7          THE COURT:  Do you understand, Mr. McFadden, that the

8     total maximum term of imprisonment on Counts One and Two is 50

9     years with a mandatory minimum term of five years?

10          THE DEFENDANT:  I do, your Honor.

11          THE COURT:  Do you understand that the Court could

12     order you to pay restitution to any victims?

13          THE DEFENDANT:  I do, your Honor.

14          THE COURT:  And do you understand -- although I'm not

15     sure it's applicable here, but do you understand that the Court

16     could order you to forfeit certain property to the government?

17          THE DEFENDANT:  I do, your Honor.

18          THE COURT:  Is there any forfeiture issue in this

19     case?

20          MS. LA MORTE:  No, your Honor, there's not.

21          THE COURT:  Do you also understand, Mr. McFadden, that

22     if as part of your sentence you're placed on a term of

23     supervised release and then you violated any of the conditions

24     of that release, you could face an additional term of

25     imprisonment?

I2MTMCFP

1           THE DEFENDANT:  I understand, your Honor.

2           THE COURT:  And do you understand -- I know you said

3    you're a United States citizen, but if it were for some reason

4    determined you were not a United States citizen, your guilty

5    plea could result in your being removed from the United States,

6    denied citizenship, and denied admission to the United States

7    in the future.  Do you understand that?

8           THE DEFENDANT:  I understand.

9           THE COURT:  Do you understand that you're bound by

10   your guilty plea regardless of any immigration consequences of

11   your plea and regardless of any advice that you received from

12   your counsel or anyone else regarding those consequences?

13          THE DEFENDANT:  I do understand, your Honor.

14          THE COURT:  Have you specifically discussed the

15   potential immigration consequences of your plea?

16          THE DEFENDANT:  Yes, with my attorney.

17          THE COURT:  Okay.

18          THE DEFENDANT:  At length.

19          THE COURT:  All right.  Now Mr. McFadden, at this time

20   I want to review with you certain constitutional rights that

21   you have but that you would be giving up by entering a guilty

22   plea here today.  Do you understand, first of all, that you

23   have a right to plead not guilty to the charges in the

24   superseding information and a right to a speedy and public jury

25   trial if you wish?

I2MTMCFP

1          THE DEFENDANT:  I understand.

2          THE COURT:  And do you understand that if you were to

3    plead not guilty and go to trial, you would be presumed

4    innocent, and the burden would be on the government to prove

5    your guilt beyond a reasonable doubt?

6          THE DEFENDANT:  I understand.

7          THE COURT:  Do you understand that you're entitled to

8    be represented by an attorney at all stages of the proceedings,

9    at trial and at every other stage, and if you cannot afford to

10   hire or retain an attorney, the Court would provide an attorney

11   to you for free?

12         THE DEFENDANT:  I do understand.

13         THE COURT:  Do you understand that if there were a

14   trial in your case, you would be entitled to confront and

15   cross-examine any witnesses called by the government to testify

16   against you?

17         THE DEFENDANT:  I understand that.

18         THE COURT:  And do you understand you would be

19   entitled to testify on your own behalf if there were a trial?

20         THE DEFENDANT:  I understand.

21         THE COURT:  Do you understand you could call witnesses

22   and present evidence?

23         THE DEFENDANT:  I do understand.

24         THE COURT:  And do you understand you could ask the

25   Court to issue subpoenas to compel witnesses to appear and

I2MTMCFP

1    testify in your defense even if they did not otherwise wish to

2    come to court?

3              THE DEFENDANT:  I do understand.

4              THE COURT:  Do you understand that if there were a

5    trial in your case, you would not be required to testify

6    against yourself?

7              THE DEFENDANT:  Yes, I understand.

8              THE COURT:  And do you understand if you chose not to

9    testify that that fact could not be used against you?

10             THE DEFENDANT:  I understand.

11             THE COURT:  Do you also understand that if you went to

12   trial and were convicted at the trial, you would still have the

13   right to appeal that conviction to a higher court?

14             THE DEFENDANT:  I do.

15             THE COURT:  Now do you understand that by entering a

16   guilty plea here this morning, you will be giving up all of the

17   rights that I just reviewed with you, including your right to a

18   trial, you will not be able to withdraw your plea, and the only

19   remaining step in this case will be the sentencing?

20             THE DEFENDANT:  I understand.

21             THE COURT:  And do you understand that the decision as

22   to the appropriate sentence in your case will be entirely up to

23   the sentencing judge, who in this case is Judge Kaplan, and he

24   will be limited only by what the law requires?

25             THE DEFENDANT:  I do understand.

I2MTMCFP

<table>
<tbody>
<tr><td>1</td><td>THE COURT:  Do you understand that even if you're</td></tr>
<tr><td>2</td><td>surprised or disappointed by your sentence, you're still going</td></tr>
<tr><td>3</td><td>to be bound by your guilty plea?</td></tr>
<tr><td>4</td><td>THE DEFENDANT:  I do understand.</td></tr>
<tr><td>5</td><td>THE COURT:  Now knowing everything that I just</td></tr>
<tr><td>6</td><td>reviewed with you, do you still wish to plead guilty to Counts</td></tr>
<tr><td>7</td><td>One and Two of the superseding information?</td></tr>
<tr><td>8</td><td>THE DEFENDANT:  Yes, I do.</td></tr>
<tr><td>9</td><td>THE COURT:  Has any force or have any threats been</td></tr>
<tr><td>10</td><td>used, either directly or indirectly, to influence how you plead</td></tr>
<tr><td>11</td><td>today?</td></tr>
<tr><td>12</td><td>THE DEFENDANT:  No, they have not.</td></tr>
<tr><td>13</td><td>THE COURT:  Now I have before me a letter that's dated</td></tr>
<tr><td>14</td><td>February 12, 2018 from the government to Ms. Baumgartel</td></tr>
<tr><td>15</td><td>containing your plea agreement.  Have you read this letter?</td></tr>
<tr><td>16</td><td>THE DEFENDANT:  I have.</td></tr>
<tr><td>17</td><td>THE COURT:  Did you sign it on the last page?</td></tr>
<tr><td>18</td><td>THE DEFENDANT:  Yes, I did.</td></tr>
<tr><td>19</td><td>THE COURT:  Before you signed it, did you discuss it</td></tr>
<tr><td>20</td><td>with Ms. Baumgartel?</td></tr>
<tr><td>21</td><td>THE DEFENDANT:  I did.</td></tr>
<tr><td>22</td><td>THE COURT:  Did she explain to you all of its terms</td></tr>
<tr><td>23</td><td>and conditions?</td></tr>
<tr><td>24</td><td>THE DEFENDANT:  Yes.</td></tr>
<tr><td>25</td><td>THE COURT:  Apart from what is contained in this</td></tr>
</tbody>
</table>

I2MTMCFP

1   letter, have any promises been made to you in order to get you

2   to plead guilty?

3             THE DEFENDANT:  None.

4             THE COURT:  Now in reviewing the agreement, I note

5   that it contains an analysis of how part of our law of

6   sentencing, which we call the sentencing guidelines, may impact

7   on any prison term in your case.  Based on that analysis on

8   page 4, the agreement states the conclusion that the guidelines

9   sentencing range can be expected to be from 292 to 365 months

10  imprisonment.  Do you understand that?

11            THE DEFENDANT:  Yes, I do.

12            THE COURT:  Do you understand that Judge Kaplan is not

13  bound by the calculation in the letter, he's going to be free

14  to do his own calculation, which may result in a guideline

15  range that is different from the one that's in the letter.

16            THE DEFENDANT:  I understand that.

17            THE COURT:  Do you understand that no matter what

18  sentencing range Judge Kaplan believes is called for by the

19  guidelines, that range is just one of many factors that he's

20  going to consider in determining your sentence, and he has the

21  discretion to give you a prison sentence below or above the

22  range anywhere up to the maximum sentence of imprisonment that

23  we spoke about before.

24            THE DEFENDANT:  I understand.

25            THE COURT:  All right.  And do you understand as part

I2MTMCFP

1    of the plea agreement it says that you cannot -- let me find it

2    here.  It doesn't say it.

3            Isn't there a provision in the agreement about a fine,

4    or not?

5            MS. LA MORTE:  Beyond what's listed in the first page

6    regarding -- there is an applicable fine category here, your

7    Honor.

8            THE COURT:  What's that?

9            MS. LA MORTE:  There is an applicable fine range, I

10   just need to find it.

11           It's on page 4 under sentencing range, the last --

12           THE COURT:  But is there nothing in the letter that

13   says if the fine is $500,000 or less that he cannot appeal

14   that?

15           MS. LA MORTE:  The appeal waiver?

16           THE COURT:  Yes, I don't see it.

17           MS. BAUMGARTEL:  I think the fine is not included in

18   the appeal waiver.

19           THE COURT:  It usually is.

20           MS. LA MORTE:  It usually is.

21           THE COURT:  But is isn't.

22           MS. LA MORTE:  It is not.

23           THE COURT:  Is there a reason that isn't or should be?

24           MS. LA MORTE:  Let me confer with defense counsel.

25           THE COURT:  Okay.

I2MTMCFP

1              (Pause)

2              MS. LA MORTE:  Your Honor, it should be there, and the

3       defense agrees to it.  It's an oversight.  We could handwrite

4       it in and have the parties initial it.

5              THE COURT:  That's fine with me as long as it's clear

6       for the record and to Judge Kaplan.

7              So Mr. McFadden, what I believe counsel are going to

8       amend the agreement to include is that you're going to agree

9       that you cannot appeal any fine of $500,000 or less.  Is that

10      what you're going to agree to?

11             MS. BAUMGARTEL:  Yes, your Honor.

12             THE DEFENDANT:  Yes.

13             THE COURT:  Do you understand that?

14             THE DEFENDANT:  I understand.

15             THE COURT:  Do you also understand that you cannot

16      appeal any lawful sentence of supervised release?

17             THE DEFENDANT:  I understand.

18             THE COURT:  Do you also understand that in the letter

19      you're giving up your right to complain if the government

20      withheld any evidence from your attorney that would have been

21      helpful to you?

22             THE DEFENDANT:  Yes, I understand.

23             THE COURT:  All right.  Now Mr. McFadden, is your plea

24      voluntary, what I mean by that, is it made of your own free

25      will?

I2MTMCFP

1      THE DEFENDANT:  It is voluntary and it is made of my

2  own free will.

3      THE COURT:  Did you in fact commit the offenses that

4  are charged in Counts One and Two of the superseding

5  information?

6      THE DEFENDANT:  I did, your Honor.

7      THE COURT:  Before I ask you to tell the Court what

8  you did, I'm going to ask the government to summarize the

9  elements of the offenses, and if it wishes to advise the Court

10  what the evidence would have been had there been a trial in

11  this case.  Ms. La Morte.

12      MS. LA MORTE:  Yes, your Honor.  So the defendant is

13  pleading guilty, as we know, to a two-count information.

14      Count One charges travel with intent to engage in

15  illicit sexual conduct in violation of 18, United States Code,

16  Section 2423(b).  That crime has two elements:  The first is

17  that the defendant traveled in interstate commerce, and second,

18  that the defendant traveled for the purpose of engaging in

19  illicit sexual conduct.

20      Illicit sexual conduct, in turn, is defined in 18,

21  United States Code, Section 2423(f).  It means a sexual act, a

22  statutory sexual act definition, with a person under 18 years

23  of age that would be in violation of Chapter 109(a) if that act

24  occurred in the special maritime and territorial jurisdiction

25  of the United States.  So those are the elements for travel

I2MTMCFP

with intent to engage in illicit sexual conduct.

Count Two charges receipt of child pornography in violation of 18, United States Code, Section 2252A(a)(2) and (b)(1).  That has four elements:  The first is that the defendant knowingly received a visual depiction of sexually explicit conduct.  That term is defined in 18, United States Code, Section 2256.  Second is that that visual depiction involved the use of a minor.  Third is that it was transported in interstate or foreign commerce by any means, including computer.  And fourth, that the defendant knew that such material contained child pornography as defined by statute.

In addition to that, which we would have to prove beyond a reasonable doubt, the government would have to prove that venue exists within the jurisdiction of the Southern District of New York by a preponderance of the evidence.

Our proof there is that the victim at issue in this case resided in the Southern District of New York, and that the defendant traveled into the Southern District of New York for purposes of engaging illicit sexual conduct with the victim.  In addition, with respect to receipt of child pornography, we would prove that through the fact that the child pornography was exchanged while the victim was in New York and the defendant was outside the State of New York.

So beyond that, your Honor, the proof that we would introduce in this case, were we to go to trial, would be

I2MTMCFP

1    testimony of the victim, the defendant's travel records, emails

2    between the defendant and the victim, other emails that the

3    defendant exchanged with other potential victims, testimony

4    from law enforcement officers.

5         And just to further clarify one point, I mentioned

6    additional emails, it would be emails with other minors with

7    whom the defendant communicated for the purposes of enticing

8    sexual activity.

9         And unless your Honor has any questions, those are the

10   elements of the proof that we would introduce.

11        THE COURT:  Thank you, Ms. La Morte.

12        Mr. McFadden, at this time could you please tell the

13   Court in your own words what you did that makes you guilty of

14   the charges against you.  And if you're going to read

15   something, which is perfectly fine, just speak slowly for

16   purposes of the court reporter.

17        THE DEFENDANT:  Sure.  In January 2017 and April 2017

18   I traveled from Kentucky to Manhattan, New York, for the

19   purpose of meeting and having a sexual encounter with someone

20   who was under 18.  Around that time, with the same person who

21   was under 18, I engaged in online chats.  During one of those

22   chats, he transmitted images of himself engaged in sexual

23   activity.  I knew that these actions were wrong, and I am very,

24   very sorry.

25        THE COURT:  Ms. La Morte, are there follow-up

I2MTMCFP

1    questions that you want me to ask to that allocution?

2              MS. LA MORTE:  No, your Honor, and I think that's

3    sufficient.

4              THE COURT:  Ms. Baumgartel, anything that you want me

5    to ask to follow up?

6              MS. BAUMGARTEL:  No, your Honor.  And to be clear,

7    while Mr. McFadden was engaging in the chats, he was in

8    Kentucky, and it's our understanding that the other individual

9    was in the Southern District of New York.

10             THE COURT:  Is that correct, Mr. McFadden?

11             THE DEFENDANT:  That is correct, to my understanding.

12             THE COURT:  All right.  Does the government represent

13   it has sufficient evidence to establish Mr. McFadden's guilt

14   beyond a reasonable doubt?

15             MS. LA MORTE:  Yes, your Honor.

16             THE COURT:  Ms. Baumgartel, do you know of a defense

17   that would prevail at trial or any other reason why

18   Mr. McFadden should not be permitted to plead guilty at this

19   time?

20             MS. BAUMGARTEL:  No.

21             THE COURT:  Are there any further questions either

22   counsel wishes the Court to ask before we conclude the

23   proceedings?

24             MS. LA MORTE:  No other questions, your Honor, just

25   noting for the record that I am going to insert a sentence into

I2MTMCFP

1    the plea agreement which is before the Court to make clear that

2    the defendant will not appeal any fine that's at or above

3    $500,000, and counsel and the defendant will sign that

4    additional sentence.

5              THE COURT:  All right.  Anything else?

6              MS. BAUMGARTEL:  No, your Honor, just to add that's

7    correct.

8              THE COURT:  All right.  On the basis of Mr. McFadden's

9    responses to my questions and my observation of his demeanor, I

10   do find that he is fully competent to enter an informed plea at

11   this time.  I also conclude that he understands the nature of

12   the charges and the consequences of his plea.  And finally, I'm

13   satisfied that his plea is voluntary and that there's a factual

14   basis for it.  Accordingly, I recommend that the proffered plea

15   to Counts One and Two of the superseding information be

16   accepted.

17             And I assume the government will order a copy of the

18   transcript of this proceeding and will submit it to Judge

19   Kaplan together with any other paperwork he may need so that he

20   can act on this recommendation.

21             MS. LA MORTE:  Yes, your Honor.

22             THE COURT:  Has he scheduled a sentencing date?

23             MS. LA MORTE:  No, your Honor, not yet.

24             THE COURT:  We'll set a control date of June 22nd,

25   which is 120 days out.  I assume you all will be in touch with

I2MTMCFP

```
 1   his chambers to schedule something in the interim.

 2            In any event, the prosecution case summary for

 3   purposes of the presentence report should be delivered to

 4   probation in the next 14 days.

 5            And Ms. Baumgartel, you should make yourself available

 6   with Mr. McFadden within the next 14 days if you can, but I

 7   know he lives out of state, so whenever you can do so as

 8   expeditiously as possible that's convenient to both of you.

 9            MS. BAUMGARTEL:  Yes, your Honor.

10            THE COURT:  Is there anything further from the

11   government?

12            MS. LA MORTE:  No, your Honor.

13            THE COURT:  Ms. Baumgartel?

14            MS. BAUMGARTEL:  No, thank you.

15            THE COURT:  Have a good day, Mr. McFadden.

16            THE DEFENDANT:  Thank you very much, your Honor.

17            MS. LA MORTE:  Thank you, your Honor.

18                            o0o

19

20

21

22

23

24

25
```