UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

        -against-                             17 Cr. 463 (LAK)

DENVER McFADDEN,

        Defendant.

------------------------------------------------------------x

SENTENCING MEMORANDUM ON BEHALF OF
DEFENDANT DENVER McFADDEN

BENNETT M. EPSTEIN, ESQ.
Attorney for Defendant
    DENVER McFADDEN
100 Lafayette Street
New York, NY 100013
(212) 684-1230

LAW OFFICES

# BENNETT M. EPSTEIN

100 LAFAYETTE STREET

NEW YORK, N.Y. 10013

(212) 684-1230

TELECOPIER (212) 571-5507

August 20, 2018

Hon. Lewis A. Kaplan
United States District Judge
Southern District of New York
US Courthouse
500 Pearl Street
New York, NY 10017

via ECF and hand delivery          Re: United States v. Denver McFadden
                                             17 Cr. 463 (LAK)

Dear Judge Kaplan:

        Denver McFadden, a 69-year-old coal miner's son from rural Kentucky, who was sexually abused as a boy by older relatives and lived most of his life in a virtual "prison" as a closeted homosexual, is now in a real federal prison awaiting sentencing as a convicted pedophile. Because of his age, the poor state of his health, and facing an accumulation of sentencing guidelines enhancements, he is literally pleading here for his life. In this sentencing memorandum, we hope to point out that this case is most unusual as a result of what lies on the other side of the "scale": a demonstrated history of overcoming the obstacles of his youth, of kindness, of gentleness, and of being, at least at one time, a respected educator, and of continued service. Plus, he has demonstrated that he is no danger to the community.

        I have been assigned to represent Mr. McFadden, under CJA. He is scheduled to be sentenced by Your Honor on September 5, 2018, upon his plea of guilty to the offenses of "Travel With the Intent to Engage in Illicit Sexual Conduct", in violation of 18 U.S. Code 2423(b) and "Receipt of Child Pornography", in violation of 18 US.Code 2252A(a)(2).

        Because of a recent misunderstanding with his previousl attorney that has no bearing here, my assignment has consisted of reviewing a file that is ready for sentencing, and presenting mitigating information to the Court that has already been most ably prepared by Mr. McFadden's previous attorney, Sarah Baumgartel, Esq., of Federal Defenders, plus my own comments. Ms. Baumgartel's mitigation letter to the Government, which resulted in a plea agreement that reduced a possible ten-year mandatory minimum term to a minimum of five years, is complete, is fully documented, and is being provided by hand delivery as an exhibit. I urge the Court to review this as the core of the defendant's Sentencing Memorandum, and will

strive not to be repetitive.   The Pre-sentence Report provides information that is consistent with Ms. Baumgartel's letter.

The central question in this case is whether a sentence in excess of the five year mandatory minimum is "sufficient, but not greater than necessary" in this unusual case, where there are an abundance of mitigating factors under 18 U.S. Code 3553(a), and notwithstanding the very high sentencing guidelines which, while applicable, have been the subject of criticism by the Second Circuit for "enhancements that are all but inherent to the crime of conviction", United States v. Dorvee, 604 F.3d 84 (2nd Cir. 2010).

The gravamen of the case is this: Mr. McFadden, an homosexual male, met the 14-year-old victim in a chat room frequented by people looking for liasons. After a mutually arranged video conference involving masturbation, the 14-year-old sent Mr. McFadden pictures of himself, and they agreed to meet.  Mr. McFadden, then age 68, traveled to New York for such a meeting, where they went to a hotel and had sex.

We agree that such conduct is "predatory" by definition, and will make not attempt to excuse or minimize it.

However, the folloiwng are considerations, more fully spelled out in Ms. Baumgartel's memorandum and reflected in the Pre-sentence Report, that should give the Court significant pause before imposing a prison sentence above the 60-month minimum.

a) Mr. McFadden is 69 years old, is physically infirm from spinal problems, and suffers from serious heart disease. His mental health is also poor with a major depressive disorder and a history of suicide attempts.  His prospects for survival of even a five-year sentence are well below average. The longer the sentence the Court imposes, the more likely it will constitute a death sentence.

b) Mr. McFadden's formative years included extreme poverty in rural Kentucky, a dis-functional upbringing and sexual abuse by male relatives, factors that affected him psychologically in terms  of a life-long state of depression and closeted homosexuality. Nevertheless, he struggled to live within society's norms in that very conservative environment. He married, raised a family, and had a career.

c) Mr. McFadden overcame childhood traumas to earn several college degrees, and  become a respected teacher, principal and school administrator.

d) After Mr. McFadden was first exposed as a result of a male bathroom "sting" operation, he was forced to resign from his career as an educator, but continued to work diligently and honorably in several occupations.

e) Mr. McFadden, notwithstanding his double life as a closeted homosexual and his "unmasking",  has been married for 46 years and has a wife and son who continue to accept, love and fully support him.

f) Mr. McFadden has been in a stable, multi-year gay relationship with a man who is physically disabled and to whom Mr. McFadden has shown nothing but kindness and companionship.

g) Mr. McFadden has lived a life of service to his community and to his church and members of that community also continue to accept and support him.

h) **Mr. McFadden, while free on bail for approximately 10 months prior to his guilty plea, diligently sought and received intensive treatment, continued to perform public service, and was not a danger to the community.**

i) Mr. McFadden has never before been in prison.

j) As a physically weak homosexual, he is likely to face prison conditions that include the likelihood of sexual abuse, rape, and protective custody amounting to solitary confinement. See, United States v. DW, 198 F.Supp. 3d 18 (EDNY 2016).

k) The Court can impose conditions of Supervised Release that will help insure that Mr. McFadden, who would be approximately 74 years old upon his earliest release from prison, will not pose a danger to anyone.

Your Honor, the year is 2018 and we still have a long way to go in determining what factors cause human sexuality to veer off in various directions. We also have not yet established, although we have plenty of anecdotal evidence, that the internet, for all its benefits, tends to enable all sorts of addictive behavior, and this case is no exception.

A fair sentence in this case certainly needs to strike a balance between protecting minors and punishing sexually conflicted individuals who engage in what society establishes is deviant and dangerous, but has addictive elements. A five-year prison sentence for this defendant is a severe punishment constituting "hard time" that he quite possibly may not survive, and which the Court should not ignore. The sentencing goals of individual and general deterrence are adequately served by the mandatory minimum in this case, and do not require a longer sentence.

Very truly yours,

Bennett M. Epstein